IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAT SYSTEMS, INC., | ) | Case No. 1:17-BK-12454-SDR |
| | ) | |
| Debtor. | ) | Chapter 11 |

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to E.D. Tenn. LBR 9013(h), the Court may consider this matter without further notice or hearing unless a party in interest files an objection.  If you object to the relief requested in this paper, you must file with the clerk of court at United States Bankruptcy Court, Historic U.S. Courthouse, 31 East 11th Street, Chattanooga, TN 37402-2722, an objection within **21 days** from the date this paper was filed, and serve a copy on the movant's attorney, Craig V. Gabbert, Jr., Gene L. Humphreys, BASS, BERRY & SIMS PLC, 150 Third Avenue South, Suite 2800, Nashville, Tennessee 37201, cgabbert@bassberry.com, ghumphreys@bassberry.com.  If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.

---

**DEBTOR'S MOTION PURSUANT TO BANKRUPTCY CODE SECTION 363
AND BANKRUPTCY RULES 2002 AND 6004, TO APPROVE THE SALE OF
<u>2013 FORD TRUCK TO TIM PRICE</u>**

JAT Systems, Inc. (the "Debtor"), as debtor and debtor in possession in the above-captioned Chapter 11 case, pursuant to section 363 of title 11, United States Code (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully moves the Court for entry of an order approving the sale of the 2013 Ford Truck to the Debtor's President, Tim Price.  In support of this Motion, the Debtor states:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND RELIEF REQUESTED

2. On May 26, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

3. The Debtor owns and listed a 2013 Ford Truck (the "Truck") on Schedule A/B with an approximate value of $20,000. Ford Motor Credit financed the Truck, and has a perfected lien on the title. There is no guarantor on the debt to Ford Motor Credit. Ford Motor Credit is listed on the Debtor's schedules as a secured creditor with a claim of approximately $29,000. Thus, the remaining debt owing to Ford Motor Credit far exceeds the value of the Truck, and the Truck has no value to the bankruptcy estate.

4. Ford Motor Credit recently filed a Motion for relief from the automatic stay, in order to enforce its lien on the Truck. Tim Price, the President of the Debtor, has offered to purchase the Truck from the Debtor in exchange for assuming the remaining debt on the Truck. Ford Motor Credit has agreed to the purchase under those terms and, upon approval of the sale, will waive any claim it has against the Debtor's bankruptcy estate. The Debtor does not believe that there is an alternative to the proposed sale that would yield a better value to the bankruptcy estate.

5. The Debtor believes, in the exercise of its business judgment, that this sale is a benefit to the bankruptcy estate, because the remaining secured debt on the Truck far exceeds the value of the Truck. If the Debtor could not maintain the payments on the secured debt, or if Ford Motor Credit's stay relief motion were granted, the subsequent liquidation of the Truck would leave an unsecured deficiency claim against the bankruptcy estate. Selling the Truck and having the debt assumed is in the best interests of the bankruptcy estate.

### THE SALE SHOULD BE APPROVED

6. Good and sufficient cause exists to approve the proposed sale. The sale is in the best interests of the Debtor and its economic stakeholders and other parties because it will enable the Debtor to reduce monthly expenses and eliminate a claim against the estate.

7. Under Bankruptcy Rule 6004(f)(1), sales of property rights outside the ordinary course of business may be by private sale or public auction. The Debtor has determined that a private sale of the Truck in accordance with this Motion: (i) will enable it to obtain the highest or best value for the Truck; and, (ii) is in the best interests of the Debtor and its creditors and other stakeholders.

8. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To obtain court approval to sell property under section 363(b), the Debtor must show a "sound business purpose" for the proposed action. *Stephens. Indus, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). The "sound business purpose" test commonly considers four factors:

    (1)    a sound business reason or emergency justifies a pre-confirmation sale;
    (2)    adequate and reasonable notice of the sale was provided to interested parties;

 (3) the sale has been proposed in good faith; and

 (4) the purchase price is fair and reasonable.

*In re Barnhill's Buffet, Inc.*, No. 07-08948, 2008 Bankr. LEXIS 2864, at *7 (Bankr. M.D. Tenn. Feb. 28, 2008) (citing *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991)). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

 9. If a valid business justification exists, the applicable principle of law embeds the debtor's decision to sell property out of the ordinary course of business with a strong presumption that "'in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the Debtors.'" *Official Comm. of Subordinated Bondholders v. Integrated Res Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

 10. This Motion requests approval of a sale transaction that embodies the objective of the Debtor, in exercising its sound business judgment, to implement the best available means to maximize the value of the Truck. This conclusion is based on all the circumstances, especially the ongoing monthly cost of the Truck and the willingness of Ford Motor Credit to agree to the sale and waive its claim against the estate. The sale eliminates ongoing costs, removes an asset with no value, and eliminates a claim against the estate.

## NOTICE

11. The Debtor has provided notice of this motion via the Court's ECF system, and by mail to all creditors. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

12. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form of Exhibit A granting the relief requested herein and such other and further relief as is just.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Gene L. Humphreys
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Tel. (615) 742-6200
Fax (615) 742-6293
E-mail: cgabbert @bassberry.com
ghumphreys@bassberry.com
*Attorneys for Debtor*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been served this 23rd day of August 2017 upon all creditors and parties in interests via the Court's electronic filing system or via U.S. Mail, as indicated on the attached Service Lists.

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

**SERVICE LIST**

(via ECF)

| | | |
|---|---|---|
| Ayers International Corp.<br>Sam J. McAllester, III<br>David Michael Anthony<br>Bone McAllester Norton, PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219 | Choice Financial, LLC<br>Harry R. Cash<br>Grant, Konvalinka and Harrison<br>Suite 900 Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450 | Kimberly C. Swafford<br>David Holesinger<br>Office of the United States Trustee<br>Historic U. S. Courthouse<br>31 East 11th Street, 4th Floor<br>Chattanooga, TN 37402 |
| Ford Motor Credit Company LLC<br>Thomas L. N. Knight<br>Grisham, Knight and Hooper<br>P.O. Box 11583<br>Chattanooga, TN 37401-2583 | Megan Reed Seliber<br>US Trustee's Office<br>701 Broadway<br>Suite 318<br>Nashville, TN 37203 | Ayers International Corp.<br>Mitchell Craig Smith<br>Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 |
| Haynsworth Sinkler Boyd, P.A.<br>Mitchell Craig Smith<br>Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | McTron Technologies, LLC<br>Mitchell Craig Smith<br>Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | |

**SERVICE LIST**

(U.S. Mail)

| | | |
|---|---|---|
| AUBREY LAW FIRM (ON DECK LOAN)<br>58 SOUTH PARK SQUARE NE, SUITE M<br>MARIETTA GA 30060-1998 | CAPITAL ONE - ALLIANCE ONE<br>PO BOX 3111<br>SOUTHEASTERN PA 19398-3111 | CAPITAL ONE BANK (USA), N.A.<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083 |
| CLERK & MASTER<br>BEDFORD COUNTY CHANCERY COURT<br>1 PUBLIC SQUARE RM 302<br>SHELBYVILLE TN 37160-3956 | COYOTE - BARRY GAMMON PPL<br>209 10TH AVENUE SOUTH<br>SUITE 525<br>NASHVILLE TN 37203-7102 | FIRST BANK OF TENNESSEE<br>C/O DAVID J. FULTON, ESQ.<br>620 LINDSAY STREET, STE 240<br>CHATTANOOGA, TN 37403-3461 |
| FOX TRANSPORT<br>TRANSPORT CREDIT CORP<br>PO BOX 589<br>ROME GA 30162-0589 | GEORGIA PACIFIC<br>C/O GOLDMAN, WALKER & DIMARCO<br>6303 E TANQUE VERDE RD, SUITE 110<br>TUCSON AZ 85715-3858 | HAMILTON COUNTY TRUSTEE<br>ATTN: BANKRUPTCY DEPT.<br>625 GEORGIA AVE., ROOM 210<br>CHATTANOOGA TN 37402-1494 |
| IFS<br>400 ORRTON AVE<br>READING PA 19611 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | INTERNAL REVENUE SERVICE, CIO<br>P.O. BOX 7346<br>2970 MARKET STREET<br>PHILADELPHIA, PA 19104-5002 |
| JASPER INDUSTRIAL PARK<br>1570 INDUSTRIAL BLVD<br>JASPER TN 37347-5235 | JUSTER, GREG<br>199 RICHARDSON DRIVE<br>LONGS SC 29568-7100 | KENNETH TIM PRICE<br>6408 JAMIA LANE<br>HIXSON TN 37343-3116 |
| NELSON, NATHAN<br>1791 PROSPECT ROAD<br>PULASKI TN 38478-6610 | ON DECK CAPITAL, INC.<br>C/O THE AUBREY LAW FIRM<br>58 SOUTH PARK SQUARE, NE, SUITE M<br>MARIETTA, GA 30060-1998 | ON DECK CAPITAL, INC.<br>C/O AUBREY LAW FIRM, PC<br>12 POWDER SPRINGS STREET<br>SUITE 240<br>MARIETTA, GEORGIA 30064-7205 |
| PAMELA PRICE<br>6408 JAMIA LANE<br>HIXSON TN 37343-3116 | SAFETY KLEEN<br>PO BOX 650509<br>DALLAS TX 75265-0509 | SOUTHEAST FARMERS CO-OP<br>2615 BLUE SPRINGS ROAD<br>CLEVELAND TN 37311-0806 |
| TN DEPT OF ENVIRON & CONSERV<br>TN ATTY GENERAL'S OFFICE<br>BANKR DIVISION<br>PO BOX 20207<br>NASHVILLE TN 37202-4015 | TN DEPT. OF REVENUE<br>TN ATTY GEN.'S OFFICE, BANKR DIVISI<br>PO BOX 20207<br>NASHVILLE TN 37202-4015 | US ENVIRONMENTAL PROTECTION AGENCY<br>61 FORSYTH ST, NW, 11TH<br>ATLANTA GA 30303-2219 |